WARD, Judge,
dissenting with reasons.
The State contends that the trial court erred in ruling that the State’s application for a wire tap was defective because the anonymous source was not presented to the judge in accord with R.S. 15:1310(B)(1), because, the State argues, the informant had a “minor role” and did not serve as a source of information “relied upon in the application as a basis” in establishing a probable cause.
The warrant application itself refutes the State’s argument. The application contains a section entitled “The Need for A Full Wire Intercept” which begins with the statement “Considering the information derived from the intercepted telephone conversation, the information supplied by the confidential sources, the prior arrests of the targets and the facts and circumstances revealed during this investigation ...” Thus, by its very language, the warrant application was based upon information obtained from a confidential source. A substantial part of the facts contained in the application is information received from the informant.
The State also argues that failure to bring the informant before the judge was a “minor inaccuracy” in the warrant application, because the informant’s role was so minor that if the information given by the informant is excised from the warrant, the remaining information is sufficient to support a wiretap order. The State’s argument overlooks R.S. 15:130S(A)1 which prohibits interception of oral communications where there is an expectation of privacy, defined in R.S. 15:1302(14). In this case a substantial part of what the applicant learned came from interception of the oral communication between the mobile telephone and its base station, a communication which was obviously made with the expectation of privacy and which is also prohibited if done without a warrant. When the objectional parts of the application are excised it is quite evident the remainder will not support an order permitting a wiretap.
Next, the State argues that R.S. 15:1310(B)(1) should not be construed in a mandatory fashion because to do so “may make it impossible in most cases to obtain wire taps” because most informants “are usually afraid of identifying themselves.”
However, when the language of a statute is clear, courts should not resort to legislative intent to reach an opposite result. R.S. 15:1310(B)(1) says an informant “relied upon” must “be presented” to the judge, allowing the judge “the opportunity to inquire if the statements made in the application are true.” While the State’s practical arguments have undoubted merit, I do not believe we can ignore the plain words of R.S. 15:1310(B)(1) even in the name of common sense. The requirement that the informant be presented is contained in a separate paragraph from the list of requirements which go to probable cause facts and circumstances. The legislature has made a policy decision that the need to protect an informant from the judge issuing a warrant is not paramount when a warrant for electronic surveillance is to be issued.
The State’s final argument to be considered is that the warrant for the wire tap should be valid under the “good faith” exception to the general warrant requirement, — so *438 long as the officer’s good faith is objectively reasonable, then the exclusion rule should not apply. U.S. v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). However, the State has provided no authority to support a wire tap warrant under the “good faith” exception. Moreover, it is unlikely the facts of this case would support that exception. Sergeant Harrison, who prepared the warrant application, discusses a decision by the police to employ a scanner to intercept the defendant’s conversations on the cordless phone. He stated at page 11:
Sergeant Harrison and Detective Brown, with the assistance of the Orleans Parish District Attorney’s office, researched the law pertaining to the interception of telecommunications conducted on a cordless telephone. The Louisiana Electronic Surveillance Act defines a wire communication in Louisiana Revised Statute 10:1302(18) [sic]. Within the definition the Louisiana Legislature excludes the transmission from the cordless telephone to the base unit from the statutory protection.
Clearly, Sergeant Harrison knew that he was required to produce the informant before the judge in order to obtain a wire tap warrant even though not required to do so for a search warrant, and the “good faith” exception cannot apply. He was well acquainted with the Electronic Surveillance Act, putting him on notice that he would be required to produce the informant before the judge.
The well reasoned opinion points out the flaws in the “Electronic Surveillance Act”, and there are many. But the requirement that an informant must be produced before the judge issues an order permitting electronic surveillance has been a part of the Act since it was first enacted in 1980. The opinion rightfully shows that when Act 795 of 1991 amended the Electronic Surveillance Act it excluded from the definition of “Electronic Communication” and “Wire Communication” that part of the telephone conversation between a mobile telephone and a base station. But if the intent of the amendment was to permit interception and disclosure of it, the amendment fails because it left the prohibition against interception of any ORAL communication, where there was an expectation of privacy, as defined in R.S. 15:1302(14). The opinion rightfully points out the inconsistency, but in this criminal prosecution I do not believe we can resolve the inconsistency in favor of state action.